# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-5V

```
* * * * * * * * * * * * * * * * * * * * * * * *
IFAFUNKE OLADIGBOLU, natural          *
mother of decedent, and ERIC BURTON,  *
natural father of decedent, E.T.B.    *       Chief Special Master Corcoran
                                      *
                  Petitioners,        *       Dated: January 8, 2025
        v.                            *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES                        *
                                      *
                  Respondent.         *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Paul Adrian Green,* Law Office of Paul Green, 1055 East Colorado Boulevard, Pasadena, CA, for Petitioners.

*Theodore Van Beek*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On January 3, 2023, Ifafunke Oladigbolu, natural mother of decedent E.T.B., and Eric Burton, E.T.B.'s father, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] (ECF No. 1). Petitioners alleged that E.T.B. suffered a Table injury, or alternatively an injury caused-in-fact, of encephalopathy or encephalitis, anaphylaxis, vasovagal syncope, and death, resulting from the adverse effects of DTAP, HBV, IPV, pneumococcal conjugate, HIB PRP-T conjugate, and rotavirus vaccines he received on February 22, 2021.

On November 19, 2024, I held a status conference. At that time, I explained to Petitioners that theories linking vaccines to unexplained infant deaths (especially when categorized as

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

"Sudden Infant Death Syndrome" ("SIDS") if the child, as here, is less than a year old) have routinely been rejected in numerous prior Program cases. I set a deadline for Respondent's Rule 4(c) Report, but noted that if SIDS proved to be a relevant consideration, the claim's viability would be at issue.

On January 3, 2025, Respondent filed the Rule 4(c) Report, arguing that the case was not appropriate for compensation. *See* Rule 4(c) Report (ECF No. 29) ("Report"). The report confirms that SIDS was deemed to be a likely explanation for E.T.B.'s death. Report at 2-4, 6. The same day, Petitioners filed a motion for a decision dismissing the claim. Motion to Dismiss, dated January 3, 2025 (ECF No. 30) ("Mot."). In it, Petitioners maintain that after an investigation of the facts and science supporting their case, they have determined that they are unable to prove that they are entitled to compensation in the Vaccine Program, and that to proceed further would be unreasonable and would waste the resources of the Court, Respondent, and the Vaccine Program. *See* Mot. at 1. Petitioners also acknowledge that they understand a decision dismissing their petition will result in a judgment against them, and that such a judgment will end all their rights in the Vaccine Program. *Id.* And they have expressed a desire to exercise their rights to file a civil action in the future pursuant to 42 U.S.C. § 300aa-21(a)(2). *Id.* at 2.

Petitioners' motion invokes Vaccine Rule 21(a), which allows for voluntary dismissal without an entry of judgement prior to the Rule 4(c) Report. But this motion was filed *after* Respondent filed his Rule 4(c) Report and Respondent has not stipulated to the dismissal. Thus, Rule 21(a) does not apply. In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3). Accordingly, I will construe this as a motion filed pursuant to Vaccine Rule 21(b), which allows for voluntary dismissal with an entry of judgement.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Furthermore, this claim appears to allege a SIDS injury. *See* Report at 6. Allegations of SIDS injuries have been repeatedly rejected in the Program. *See Boatmon v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 566, 571 (2018), aff'd, 941 F.3d 1351 (Fed. Cir. 2019); *see also Sheller v. Sec'y of Health & Hum. Servs.*, 121 F.4th 1301, 1308 (Fed. Cir. 2024) (explaining the "Triple Risk Model" of SIDS causation had been "rejected on appeal as a viable causation theory *on the merits* under *Althen* factor one") (emphasis in original). For these reasons, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioners' claim with prejudice for insufficient proof. *See* Vaccine Rule 21(b). In the absence of a motion for review, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master